UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

AA MEDICAL, P.C. ON BEHALF OF        Case No.
PATIENT BS

              Plaintiff,

     v.

IRON WORKERS LOCAL 40, 361 & 471 HEALTH
FUND,

             Defendant.
_____X

## **COMPLAINT**

By way of this Complaint, Plaintiff AA Medical, P.C., on behalf of Patient BS ("Plaintiff") brings this action against Iron Workers Local 40, 361 & 471 Welfare Fund ("Defendant").

1.     This is an action under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), and its governing regulations, concerning Defendant's under-reimbursement of AA Medical, P.C.'s ("AA Medical") specialized orthopedic surgery.

2. Defendant is a self-funded plan under which Plaintiff's patient was a plan participant.

3.     AA Medical was an out-of-network provider at all times relevant to this action, meaning that its surgeons did not participate in its network.

4.     On June 16, 2021, surgeon Vendant Vaksha, M.D., affiliated with AA Medical, performed a left knee meniscus root repair, left knee lateral meniscus repair, and left knee microfracture chondroplasty.  After the surgery, Plaintiff submitted an invoice in the form of a CMS-1500 form as required for a total amount of $158,438.64. Defendant paid $3,473.22, leaving an unreimbursed amount of $154,965.42, which remains the responsibility of the Patient.

**JURISDICTION**

5.      The Court has subject matter jurisdiction over Plaintiff's ERISA claim under 28 U.S.C. § 1331 (federal question jurisdiction).

6.      The Court has personal jurisdiction over the parties because Plaintiff submits to the jurisdiction of this Court, and Defendant systematically and continuously conducts business in the State of New York, and otherwise has minimum contacts with the State of New York, and with respect to ERISA the United States, sufficient to establish personal jurisdiction over it.

7.      Venue is appropriately laid in this District under 28 U.S.C. § 1391 because (a) Defendant Plan resides, is found, has an agent, and transacts business in the Eastern District of New York, (b) Defendant conducts a substantial amount of business in the Eastern District of New York, including marketing and selling self-funded group healthcare plans inside the Eastern District of New York; (c) Defendant transacts business in the Eastern District of New York by insuring individuals in the State (including the Patient) by providing its group healthcare plan to those employees who are plan participants and beneficiaries of its Plan.

8.      Venue is also appropriate under 29 U.S.C. § 1132(e)(2), which requires that an ERISA plan participant has the right to bring suit where he or she resides or alleges that the violation of ERISA occurred. Plaintiff alleges that Defendant violated ERISA within the Eastern District of New York.

**PARTIES**

9.       AA Medical is a surgical practice group. Plaintiff's principal place of business is Stony Brook, New York.

10.      Defendant is a self-funded union plan. Its principal place of business is located in 451 Park Avenue South, New York.

## FACTUAL ALLEGATIONS

11.    The patient presented with a left knew ACL tear; left knee medial meniscus, posterior tear; and left knee lateral meniscus tear, bucket handle.

12.    On June 16, 2021, surgeon Vendant Vaksha, M.D. performed a left knee meniscus root repair, left knee lateral meniscus repair, and left knee microfracture chondroplasty.

13.    After performing this medically necessary surgery, Plaintiff submitted an invoice in the form of a CMS-1500 form as required for a total amount of $158,438.64. Defendant paid $3,473.22, leaving an unreimbursed amount of $154,965.42, which remains the responsibility of the Patient.

14.    In its Explanation of Benefits ("EOB"), constituting its Adverse Benefit Determination, Defendant represented that the operative report did not describe any lesion in the knee that would require a microfracture chondroplasty.

15.    This was a false conclusion of the medical necessity of the microfracture chondroplasty, which is an integral part of the meniscal repair.

16.    Plaintiff sent an appeal to Defendant on December 15, 2021.

17.    Defendant refused to respond to the appeal.

18.    Surgical services are a covered service under the Plan.

19.    The Plan pays for out-of-network surgical services based on the 60th percentile of Fair Health.  Plaintiff seeks this reimbursement under the Plan from Defendant.

20.    Plaintiff exhausted its administrative remedies. Alternatively, the appellate process was futile and Plaintiff was deemed to have exhausted its administrative remedies.

21.    When Defendant denied Plaintiff's claims, it did not do so pursuant to the rules promulgated under ERISA.

26.     29 C.F.R. § 2560.503-1(g) provides as follows:

Manner and content of notification of benefit determination. (1) The plan
administrator shall provide a claimant with written or electronic notification of
any adverse benefit determination. Any electronic notification shall comply with
the standards imposed by 29 CFR 2520 2520.104b-1(c)(1)(i), (iii), and (iv). The
notification shall set forth, in a manner calculated to be understood by the
claimant -
(i) The specific reason or reasons for the adverse determination;
(ii) Reference to the specific plan provisions on which the determination is based;
(iii) A description of any additional material or information necessary for the
claimant to perfect the claim and an explanation of why such material or
information is necessary;
(iv) A description of the plan's review procedures and the time limits applicable to
such procedures, including a statement of the claimant's right to bring a civil
action under section 502(a) of the Act following an adverse benefit determination
on review;
(v) In the case of an adverse benefit determination by a group health plan -
(A) If an internal rule, guideline, protocol, or other similar criterion was relied
upon in making the adverse determination, either the specific rule, guideline,
protocol, or other similar criterion; or a statement that such a rule, guideline,
protocol, or other similar criterion was relied upon in making the adverse
determination and that a copy of such rule, guideline, protocol, or other criterion
will be provided free of charge to the claimant upon request.

27.     Defendant did not provide the information required by 29 C.F.R. § 2560.503-1(g),

in violation of ERISA and the rules promulgated thereunder.

28.     Specifically, in its EOB Defendant failed to refer Plaintiff to the specific plan

provisions on which the determination was based; describe any additional material or

information necessary for Plaintiff to perfect the claim and an explanation of why such material

or information is necessary; describe the plan's review procedures and the time limits applicable

to such procedures, including a statement of Plaintiff's right to bring a civil action under section

502(a) of ERISA following an adverse benefit determination on review; and the specific rule,

guideline, protocol, or other similar criterion used and that it may be requested free of charge.

29.     Deemed exhaustion is set out in 29 C.F.R. § 2560-503-1, which states:

[I]n the case of the failure of a plan to establish or follow claims procedures
consistent with the requirements of this section, a claimant shall be deemed to

have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under section 502(a) of [ERISA] on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim.

30. Plaintiff received an assignment from the Patient.  It states, in pertinent part:

I hereby assign and convey all benefit and non-benefit rights, including the rights under my health insurance policy or benefit plan to AA Medical, P.C. with respect to all medical services provided by AA Medical, P.C. and its surgeons or providers for all dates of service. It is specifically intended by this assignment of benefits to assign all of my rights to bring any appeal, lawsuit, or administrative proceeding for any on my behalf, in my name against any person or entity involved in the determination of benefits under my insurance policy or benefits plan, including any fiduciary claim.

## COUNT I

### CLAIM AGAINST DEFENDANT FOR UNPAID BENEFITS
### UNDER EMPLOYEE BENEFIT PLAN GOVERNED BY ERISA

31.     Defendant is obligated to pay benefits to its Plan participants and beneficiaries in accordance with the terms of Defendant's Plan, and in accordance with ERISA.

32.     Defendant violated its legal obligations under this ERISA-governed Plan when it under-reimbursed Plaintiff for the surgery provided to the Patient by Plaintiff, in violation of the terms of the Plan and in violation of ERISA § 502(a)(l)(B), 29 U.S.C. § 1132(a)(l)(B).

33.      Plaintiff submitted an invoice for $158,438.64.

34.     Defendant paid $3,473.22, leaving an unreimbursed amount of $154,965.42.

35. Plaintiff seeks unpaid benefits and statutory interest back to the dates Plaintiff's claims were originally submitted to Defendant. It also seeks attorneys' fees, costs, prejudgment interest and other appropriate relief against Defendant.

WHEREFORE, Plaintiff demands judgment in its favor against Defendant as follows:

(a) Ordering Defendant to recalculate and issue unpaid benefits to Plaintiff;

(b) Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' fees under ERISA, and costs and expenses in amounts to be determined by the Court;

(c) Awarding prejudgment interest; and

(d) Granting such other and further relief as is just and proper.

Dated: March 8, 2022

/s/ Robert J. Axelrod
AXELROD LLP
1465 Fifth Avenue, No. 7D
New York, NY 10035
(646) 986-4444
rjaxelrod@axelrodllp.com

*Attorney for Plaintiff AA Medical, P.C., on behalf of Patient BS*