

WALTER M. COLLERAN (1912-1998)
RICHARD L. O'HARA
JOHN F. MILLS (1939-2003)
EDWARD J. GROARKE
CHRISTOPHER P. O'HARA
CAROL O'ROURKE PENNINGTON
DENIS A. ENGEL
JOHN S. GROARKE*
MICHAEL D. BOSSO

STEVEN C. FARKAS**
THOMAS P. KEANE***
DAMIEN O. MAREE**
PATRICIA L. BOLAND
SABRINA K. BEKIOS+
GLENN A. KREBS ++

PARALEGALS
LAURA A. HARRINGTON
KRISTINE M. MURPHY
LILLY PIAZZA
DAOMINE ZAMILUS

\* ALSO ADMITTED IN NEW JERSEY
\*\* ALSO ADMITTED IN WASHINGTON, D.C.
\*\*\* ALSO ADMITTED IN NEW JERSEY AND CONNECTICUT
+ AWAITING ADMISSION
++ OF COUNSEL

May 19, 2022

**VIA ECF**
Honorable Eric N. Vitaliano, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    A.A. Medical P.C. v. Iron Workers Locals 40, 361 and 417 Health Fund
            Case No.: 2:22-cv-01249

Dear Judge Vitaliano:

     This firm represents Defendant Iron Workers Locals 40, 361 and 417 Health Fund ("Defendant" or the "Health Fund") in the referenced matter. Pursuant to Your Honor's Individual Rule III(A)(i), this letter shall serve as the Health Fund's request for leave to file a motion to dismiss pursuant to Fed.R.Civ.P 12(b)(6) and to respectfully request a pre-motion conference.

     The Complaint filed by Plaintiff A.A. Medical P.C. ("Plaintiff"), a medical provider who obtained an assignment of benefits from its patient covered by the Health Fund, asserts a cause of action against Defendant for failure to abide by terms of plan in violation of Employee Retirement Income Security Act ("ERISA"), Section 502(a)(1)(B). The complaint arises from an alleged underpayment of benefits by Defendant. As discussed in detail herein, Defendant timely seeks leave to move to dismiss the complaint.

**Plaintiff Fails to State A Claim Under ERISA**

     To recover benefits due under ERISA Section 502(a)(1)(B), "an ERISA claimant bears the burden of establishing his entitlement to benefits" in accordance with "the specific terms of the plan at issue." Roganti v. Metro. Life Ins. Co., 786 F.3d 201, 212, n.8 (2d Cir. 2015); see also Prof. Orthopaedic Assocs., PA v. 1199 Nat'l Benefit Fund, 16-CV-4838 (KBF), 2016 WL 6900686, at *5 (S.D.N.Y. Nov. 22, 2016), aff'd sub nom. Prof. Orthopaedic Assocs., PA v. 1199SEIU Nat'l Benefit Fund, 697 Fed. Appx. 39 (2d Cir. 2017) (unpublished) (ERISA claimant must show he "[w]as wrongfully denied a benefit owed under the plan.").

     It is well established that where an ERISA plan grants the administrator "discretionary authority to determine eligibility for benefits" courts apply a "[d]eferential standard of review." Metro Life Inc. Co. v. Glenn, 554 U.S. 105, 111 (2008). The provisions of the plan herein unquestionably confer discretionary authority on the Plan Administrator. Under this deferential standard, "the administrator's decisions may be overturned only if they are arbitrary and capricious." Roganti at 7.

Plaintiff's claim substantively fails for failure to state a claim. The Summary Plan Description ("SPD")[1] unambiguously provides the administrator discretion over benefits eligibility where it states:

> The Plan Administrator, and other Plan fiduciaries and individuals to whom responsibility for the administration of the Medical Plan has been delegated, will have discretionary authority to determine the applicability of these exclusions and the other terms of the Plan and to determine eligibility and entitlement to Plan Benefits in accordance with the terms of the Plan.

There is nothing that has been (or can be) alleged to suggest that the Welfare Fund's payment of only part of what was billed for out-of-network medical services was without reason. Zeuner v. Suntrust Bank Inc., 181 F. Supp. 3d 214, 221 (S.D.N.Y. 2016) (Granting motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(6) finding "Defendants' interpretation of the Plan Terms is, at a minimum, reasonable."). Although the plan administrator's interpretation of the plan need only be rational or plausible to prevail under an arbitrary or capricious standard of review, the Plan language here requires no interpretation. Pulvers v. First UNUM Life Ins. Co., 210 F.3d 89, 92-93 (2d Cir. 2000). Here, it is undisputed that the Welfare Fund paid Plaintiff pursuant to the Medicare fee schedule in accordance with the plan terms for Out-of-Network providers. Plaintiff simply disagrees that the Medicare fee schedule allowance is sufficient for its services, but that does not create an actionable claim against the Welfare Fund. See Weinreb v. Xerox Bus. Servs., LLC Health and Welfare Plan, 323 F. Supp. 3d 501, 513 (S.D.N.Y. 2018), adhered to on denial of reconsideration sub nom. Weinreb v. Xerox Bus. Servs., 16-CV-6823 (JGK), 2020 WL 4288376 (S.D.N.Y. July 27, 2020) (granting motion to dismiss Plaintiff's ERISA 501(a)(1)(B) claim where "the administrator's determination consistent with the plain letter of the guidelines and SPD is not arbitrary and capricious.").

For the reasons set forth above, the Complaint should be dismissed in its entirety.

We thank the Court for its time and attention to this matter.

Respectfully submitted,<br>
COLLERAN, O'HARA & MILLS LLP

By: /s/ Thomas P. Keane
    THOMAS P. KEANE

cc: Robert J. Axelrod (counsel for Plaintiff via email & ECF)

---

[1] The Summary Plan Description is properly considered on Defendant's requested motion. See, e.g., Roe v. Empire Blue Cross Blue Shield, No. 12-4788, 2014 WL 1760343, at *2 (S.D.N.Y. May 1, 2014)("in the ERISA context, because the Plan is directly referenced in the complaint, and is the basis of this action, the Court may consider the Plan in deciding the motion to dismiss")(internal citations omitted), aff'd, 589 F. App'x 8 (2d Cir. 2014).