**AXELROD LLP**
**1465 Fifth Avenue, No. 7D**
**New York, NY 10035**
**(646) 986-4444**

Robert J. Axelrod

May 23, 2022

Hon. Eric N. Vitaliano
United States District Court
Eastern District of New York
225 Cadman Plaza East,
Brooklyn, New York 11201

        Re:    **AA Medical, P.C. on Behalf of Patient BS v. Iron Workers Local 40, 361 & 417 Health Fund**
               Case No. 2:22-cv-01249

Dear Judge Vitaliano:

This firm represents AA Medical P.C. on Behalf of Patient BS ("Plaintiff"). Pursuant to Your Honor's Local Rules, Plaintiff respectfully submits this letter in response to Defendant's request for a pre-motion conference.

This is a medical necessity challenge to an orthopedical surgery under ERISA. On June 16, 2021, surgeon Vendant Vaksha, M.D. who was affiliated with AA Medical, P.C., performed a left knee meniscus root repair, left knee lateral meniscus repair, and left knee microfracture chondroplasty on the Patient. After performing this medically necessary surgery, Plaintiff submitted an invoice in the form of a CMS-1500 form as required for a total amount of $158,438.64. Defendant paid only $3,473.22, leaving an unreimbursed amount of $154,965.42, which remains the responsibility of the Patient.

In its Explanation of Benefits ("EOB"), constituting its Adverse Benefit Determination, Defendant represented that the operative report did not describe any lesion in the knee that would require a microfracture chondroplasty. The Complaint alleges that this was a false conclusion of the medical necessity of the microfracture chondroplasty, which is an integral part of the meniscal repair.

Defendant makes a single contention in its letter, appearing to suggest that where the standard of review in an ERISA case is arbitrary and capricious the Court should *now* grant a motion to dismiss because Defendant as the administrator retained discretionary authority to determine eligibility for benefits.

This is not the law. First, "simply reserving the right to make a determination of medical necessity cannot satisfy the requirement in *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989), of an explicit reservation of discretion." *Brandon v. Aetna Servs.*, 156 F. Supp.2d 167, 171

1

(D. Conn. 2000); *Barnable v. First Fortis Life Ins. Co.*, 44 F. Supp. 2d 196, 202 (E.D.N.Y. 1999) ("Discretion is not found 'merely because the administrator has the power to deny a claim.'") (citation omitted).

Second, it appears that Defendant misconstrues the Complaint's allegations of medical necessity altogether and substitutes a challenge to a Medicare fee schedule allowance that is not contained in the Complaint. The absence of any contention concerning medical necessity in its letter is critical because in a medical necessity case the burden shifts to the plan sponsor under certain circumstances. Where "lack of medical necessity is set forth in the 'exclusions' section of the plan, the burden is usually on the plan sponsor, who must prove that the exclusion applies." *Mario v. P&C Food Mkts.*, 313 F.3d 758, 755 (2d Cir. 2002).

Third, discretion on the part of an ERISA administrator to determinate benefits does not represent the end of this Court's analysis on any motion to dismiss; rather it merely represents the standard of review for subsequent, evidence-based adjudication. *See Miller v. United Welfare Fund*, 72 F.3d 1066, 1073 (2d Cir. 1995) (overturning Fund's medical necessity determination as arbitrary and capricious based on expert testimony and remanding for further expert testimony); *Donovan v. Bierwirth*, 680 F.2d 263, 272 (2d Cir.), *cert denied*, 458 U.S. 1069 (1982) (trustees have affirmative duty to seek expert advice when required).

Fourth, a medical necessity adjudication is an individual, fact-based determination, improper on a motion to dismiss. "Unless the contrary is specified, the term, 'medical necessity' must refer to what is necessary for a *particular patient,* and hence entails an individual assessment rather than a general determination of what works in the ordinary case." *Id.* (original emphasis).

For these reasons, Defendant's citations are inapposite. *Pulvers v. First UNUM Life Ins. Co.*, 210 F.3d 89 (2d Cir. 2000), was an appeal from a *judgment* denying disability benefits. *Weinreb v. Xerox Bus. Servs., LLC Health & Welfare Plan*, 323 F. Supp. 3d 501 (S.D.N.Y. July 27, 2020), was a *post-summary judgment* case in which the plaintiff then amended the complaint but based a medical necessity allegation on legal conclusions that the defendant had covered fentanyl previously or that it was the only medication that could provide the patient relief. In *Zeuner v. Suntrust Bank, Inc.*, 181 F.Supp.3d 214 (S.D.N.Y. 2016), the plaintiff alleged a job termination claim because of business related charges but never provided a critical meaning of a term in the complaint.

This medical necessity case should first proceed with Defendant producing the administrative record. After the administrative record is produced and reviewed, and after any necessary supplementation, the Parties should proceed to expert discovery on the medical necessity of the microfracture chondroplasty. There is an initial status conference scheduled before Magistrate Judge Shields on August 1, 2022.

In summary, the mere fact that Defendant retains discretion over the plan, if true, or that the ultimate standard of review would be arbitrary and capricious does not, sitting alone, provide a basis for the Court to dismiss the Complaint at this juncture of the proceedings. As this is the sole basis for Defendant's request for a pre-motion conference to move for dismissal, it is respectfully submitted that the Court should deny Defendant's request.

Respectfully submitted,

/s/ Robert J. Axelrod

cc: All Counsel on ECF