UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
AA MEDICAL, P.C.,

               Plaintiff,

     v.

IRON WORKERS LOCALS 40, 361 &
417 HEALTH FUND,

               Defendant.
---------------------------------------------------------X

Case No. 2:22-cv-01249-ENV-LGN


# MEMORANDUM IN OPPOSITION TO DEFENDANT'S
# MOTION TO DISMISS THE COMPLAINT


Robert J. Axelrod
AXELROD LLP
1464 Fifth Avenue, No. 7D
New York, NY 10035
(646) 986-4444

*Counsel for Plaintiff AA Medical, P.C.*

1

## **TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................. 5

STATEMENT OF THE FACTS .......................................................................................... 5

ARGUMENT......................................................................................................................... 8

    A.    Standard of Review........................................................................................... 8

    B.    The Court Should Not Dismiss the Complaint under the Proper Standard of Review ...... 9

        1.    Defendant Applies the Incorrect Standard ............................................... 9

        2.    A Medical Necessity Adjudication is an Individual, Fact-Based Determination ...................................................................................................11

CONCLUSION ................................................................................................................... 13


# **TABLE OF AUTHORITIES**

**CASES**

*Accardi v. Control Data Corp.*, 836 F.2d 126 (2d Cir. 1987) .................................................... 10

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................... 8, 9

*Chambers v. Time Warner, Inc.*, 282 F.3d 147 (2d Cir. 2002) .................................................. 11

*Donovan v. Bierwirth*, 680 F.2d 263 (2d Cir.), *cert denied*, 458 U.S. 1069 (1982) .................... 12

*Durakovic v. Bldg. Serv. 32 BJ Pension Fund*, 609 F.3d 133 (2d Cir. 2010) ............................. 10

*Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989) ..................................................... 11

*Halebian v. Berv.*, 644 F.3d 122, 130 (2d Cir. 2011) .................................................................. 8

*Hobson v. Metro Life Ins. Co.*, 574 F.3d 75 (2d Cir. 2009) ......................................................... 9

*Mario v. P&C Food Mkts.*, 313 F.3d 758 (2d Cir. 2002) ............................................................ 12

*Metro Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008) ................................................................... 10

*Miller v. United Welfare* Fund, 72 F.3d 1066 (2d Cir. 1995) ................................................. 9, 12

*Neilsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) ....................................................................... 8

*Oscampo v. Bldg. Serv. 32B-J Pension Fund*, 787 F.3d 683 (2d Cir. 2019) ............................... 9

*Pagan v. NYNEX Pension* Plan, 52 F.3d 438 (2d Cir. 1995) ..................................................... 10

*Pulvers v. First UNUM Life Ins. Co.*, 210 F.3d 89 (2d Cir. 2000) .............................................. 10

*Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 615 (S.D.N.Y. 2012) ......................................... 8

*S.M. v. Oxford Health Plans (N.Y.)*, 644 F. App'x 81 (2d Cir.),
    *cert. denied*, 2016 U.S. LEXIS 4682 (U.S. Oct. 3, 2016) ............................................... 8

*Thurber v. Aetna Life Ins.*, 712 F.3d 654 (2d Cir. 2013),
    *cert. denied* 134 S.Ct. 2723 (2014), *abrogated on other grounds by*
    *Tanile v. Bd. of Trs. of the Nat'l Elevator Indus. Health Ben. Plan*,
    577 U.S. 136 (2016) ........................................................................................................ 9

*Varney v. Verizon Communc'ns, Inc.*, 560 F. App'x 98 (2d Cir. 2014) ..................................... 10

*Warth v. Seldin*, 422 U.S. 490, 501 (1975) .................................................................................... 8

*Zeuner v. Suntrust Bank, Inc.*, 181 F. Supp.3d 214 (S.D.N.Y. 2016) ........................................... 10

Plaintiff AA Medical, P.C. respectfully files this memorandum in opposition to defendant Iron Workers Local 40, 361 & 417 Health Fund's motion to dismiss the complaint. For the reasons set out below, the motion should be denied.

## INTRODUCTION

Iron Workers Local 40, 361 & 417 Health Fund ("Iron Workers" or "Defendant") does not point to any pleading deficiency in its effort to dismiss the Complaint. It does not contend that Plaintiff failed to exhaust its administrative remedies, failed to plead the reimbursement methodology set out in the plan, or failed to allege an assignment of benefits. Rather, while giving lip service to the proper standard of review on its motion to dismiss under Fed. R. Civ. P. 12(b)(6) – whether Plaintiff's claim has facial plausibility when the it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) -- Defendant fundamentally misconstrues the standard of review by utilizing the "arbitrary and capricious" standard in this motion. That standard is applicable, if at all, on a motion for summary judgment or at trial in this ERISA case after discovery and especially after Defendant produces the administrative record. This is shown not only by applicable ERISA caselaw but by Defendant's own cases. Accordingly, because Defendant has not challenged the allegations of the Complaint on this motion, it should be denied.

## STATEMENT OF THE FACTS

This is an ERISA case arising from surgery performed on Patient BS. The patient presented with a left knee ACL tear; left knee medial meniscus, posterior tear; and left knee lateral meniscus tear, bucket handle. Compl. ¶ 11. On June 16, 2021, surgeon Vendant Vaksha, M.D. who was affiliated with Plaintiff, performed a left knee meniscus root repair, left knee lateral meniscus

5

repair, and left knee microfracture chondroplasty. Compl. ¶ 12. After performing this medically necessary surgery, Plaintiff submitted an invoice in the form of a CMS-1500 form as required for a total amount of $158,438.64. Defendant paid $3,473.22, leaving an unreimbursed amount of $154,965.42, which remains the responsibility of the Patient. Compl. ¶ 13.

In its Explanation of Benefits ("EOB"), constituting its Adverse Benefit Determination, Defendant represented that the operative report did not describe any lesion in the knee that would require a microfracture chondroplasty. Compl. ¶ 14. The Complaint alleges that this was a false conclusion of the medical necessity of the microfracture chondroplasty, which is an integral part of the meniscal repair. Compl. ¶ 15.

Plaintiff sent an appeal to Defendant on December 15, 2021. Defendant refused to respond to the appeal. Compl. ¶¶ 16-17. Alternatively, the Complaint alleges that the appellate process was futile and that Plaintiff was deemed to have exhausted Defendant's administrative remedies. Compl. ¶ 20. When Defendant denied Plaintiff's claims, it did not do so pursuant to the rules promulgated under ERISA. Compl. ¶ 21.

29 C.F.R. § 2560.503-1(g) provides as follows:

**Manner and content of notification of benefit determination.**

> (1) The plan administrator shall provide a claimant with written or electronic notification of any adverse benefit determination. Any electronic notification shall comply with the standards imposed by 29 CFR 2520 2520.104b-1(c)(1)(i), (iii), and (iv). The notification shall set forth, in a manner calculated to be understood by the claimant -
> (i) The specific reason or reasons for the adverse determination;
> (ii) Reference to the specific plan provisions on which the determination is based;
> (iii) A description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary;
> (iv) A description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action under section 502(a) of the Act following an adverse benefit determination on review;

6

> (v) In the case of an adverse benefit determination by a group health plan -
> (A) If an internal rule, guideline, protocol, or other similar criterion was relied upon in making the adverse determination, either the specific rule, guideline, protocol, or other similar criterion; or a statement that such a rule, guideline, protocol, or other similar criterion was relied upon in making the adverse determination and that a copy of such rule, guideline, protocol, or other criterion will be provided free of charge to the claimant upon request.

The Complaint alleges that Defendant did not provide the information required by 29 C.F.R. § 2560.503-1(g), in violation of ERISA and the rules promulgated thereunder. Compl. ¶ 26. Specifically, Defendant failed to provide Plaintiff to the specific plan provisions on which the determination was based; a description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary; a description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action under section 502(a) of ERISA following an adverse benefit determination on review; and the specific rule, guideline, protocol, or other similar criterion used and that it may be requested free of charge. Compl. ¶ 26.

Deemed exhaustion is set out in 29 C.F.R. § 2560-503-1, which states:

> [I]n the case of the failure of a plan to establish or follow claims procedures consistent with the requirements of this section, a claimant shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under section 502(a) of [ERISA] on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim.

Plaintiff received an Assignment of Benefits from the Patient. Compl. ¶ 30. It states: "I hereby assign and convey all benefit and non-benefit rights, including the rights under my health insurance policy or benefit plan to AA Medical, P.C. with respect to all medical services provided by AA Medical, P.C. and its surgeons or providers for all dates of service. It is specifically intended by this assignment of benefits to assign all of my rights to bring any appeal, lawsuit, or administrative

proceeding for any on my behalf, in my name against any person or entity involved in the determination of benefits under my insurance policy or benefits plan, including any fiduciary claim." Compl. ¶ 30.

## ARGUMENT

### A.   STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(6) permits the court to dismiss a complaint only if a plaintiff fails to state a claim upon which relief can be granted. When ruling on a motion to dismiss the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Neilsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014). The court must take all allegations in the complaint and treat them as true and view them in the light most favorable to the plaintiff. *Warth v. Seldin*, 422 U.S. 490, 501 (1975). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The issue in a Rule 12 motion to dismiss "'is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 615 (S.D.N.Y. 2012) (quoting *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995)) ([T]he purpose of Federal Rule of Civil Procedure 12(b)(6) 'is to test, in a streamlined fashion, the formal sufficiency of the plaintiff's statement of a claim for relief without resolving a contest regarding its substantive merits,'" and without regard for the weight of the evidence that might be offered in support of Plaintiffs' claims. *Halebian v. Berv.*, 644 F.3d 122, 130 (2d Cir. 2011) (quoting *Global Network Communications, Inc. v. City of New York*, 458 F.3d 150, 158 (2d Cir. 2006)).

### B. THE COURT SHOULD NOT DISMISS THE COMPLAINT UNDER THE PROPER STANDARD OF REVIEW

#### 1. Defendant Applies the Incorrect Standard

"To survive a motion to dismiss, a Complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. v.* Twombly, 550 U.S. 544, 550 (2007). This proper (and familiar) standard of review on a Rule 12(b)(6) motion is whether Plaintiff's claim has facial plausibility when the it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678.

Defendant cites to this same standard in its brief but then fails to apply it, substituting another standard entirely. The standard Defendant applies is the "arbitrary and capricious" standard, which is applicable, if at all, on a motion for summary judgment or at trial in this ERISA case after discovery and especially after Defendant produces the administrative record so that the Court may review it and determine whether that standard applies at all (as compared to the *de novo* review standard) and whether (if the arbitrary and capricious standard applies) the defendant acted in an arbitrary and capricious manner in denying benefits. Defendant would have the Court skip those critical steps and decide the case now, on its Rule 12(b)(6) motion. That is not the law on an ERISA case.

That Defendant's invented standard is not the law in Rule 12(b)(6) ERISA cases is shown most clearly by its own cited cases. *Hobson v. Metro Life Ins. Co.*, 574 F.3d 75 (2d Cir. 2009) (motion for summary judgment); *Thurber v. Aetna Life Ins.* 712 F.3d 654 (2d Cir. 2013), *cert. denied* 134 S.Ct. 2723 (2014), *abrogated on other grounds by Tanile v. Bd. of Trs. of the Nat'l Elevator Indus. Health Ben. Plan*, 577 U.S. 136 (2016) (motion for summary judgment); *Oscampo v. Bldg. Serv. 32B-J Pension Fund*, 787 F.3d 683 (2d Cir. 2019) (motion for summary judgment);

9

*Accardi v. Control Data Corp.*, 836 F.2d 126 (2d Cir. 1987) (motion for summary judgment); *Varney v. Verizon Communc'ns, Inc.*, 560 F. App'x 98 (2d Cir. 2014) (motion for summary judgment); *Pagan v. NYNEX Pension* Plan, 52 F.3d 438 (2d Cir. 1995) (motion for summary judgment); *S.M. v. Oxford Health Plans (N.Y.)*, 644 F. App'x 81 (2d Cir.), *cert. denied*, 2016 U.S. LEXIS 4682 (U.S. Oct. 3, 2016) (motion for summary judgment); *Pulvers v. First UNUM Life Ins. Co.*, 210 F.3d 89 (2d Cir. 2000) (judgment); *Miller v. United Welfare* Fund, 72 F.3d 1066 (2d Cir. 1995) (judgment).[1] In none of these cases did the courts apply the arbitrary and capricious standard to a motion to dismiss under Rule 12(b)(6). Rather, it did so only after full discovery and production by the defendant of the administrative record.

There is nothing in *Metro Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008), cited by Defendant, for the proposition that the court should apply the arbitrary and capricious standard on a Rule 12(b)(6) motion. The Supreme Court did not so hold. The *Metro Life* decision dealt with whether the arbitrary and capricious or *de novo* standard should apply when the plan administrator was conflicted. As the Second Circuit held, following *Metro Life*, "an ERISA fund administrator that 'both evaluates claims for benefits and pays benefits claims' is conflicted, and . . . a district court, when reviewing the conflicted administrator's decisions, should weigh the conflict as a factor in its analysis." *Durakovic v. Bldg. Serv. 32 BJ Pension Fund*, 609 F.3d 133, 138 (2d Cir. 2010), *quoting Metro Life*, 554 U.S. 105, 108 (2008).[2] In other words, the Second Circuit's instruction to

---

[1] In *Zeuner v. Suntrust Bank, Inc.*, 181 F. Supp.3d 214 (S.D.N.Y. 2016), the court dismissed the complaint because it failed to allege a plausible claim for relief.
[2] *Metro Life* held:

> Often the entity that administers the plan, such as an employer or an insurance company, both determines whether an employee is eligible for benefits and pays benefits out of its own pocket. We here decide that this dual role creates a conflict of interest; that a reviewing court should consider that conflict as a factor in determining whether the plan administrator has abused its discretion in denying

10

weigh the conflict based on a factual interpretation is another stage that must be undertaken in adjudicating the appropriate standard of review on the merits in ERISA cases.

In *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989), the Supreme Court held, on a motion for summary judgment below: "Consistent with established principles of trust law, we hold that a denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan."

That work is not for today, however, which is exclusively focused on whether the Complaint has pled a plausible claim. Here, Defendant fails to argue that Plaintiff did not allege a plausible claim for benefits under ERISA. It does not contend that Plaintiff failed to exhaust its administrative remedies, failed to plead the reimbursement methodology set out in the plan, or failed to allege an assignment of benefits. It does not point to any pleading deficiency in the Complaint at all.

Accordingly, Defendant's motion to dismiss pursuant to Rule 12(b)(b)(6) should be denied.

### 2. A Medical Necessity Adjudication is an Individual, Fact-Based Determination

One of the claims in this case is a medical necessity denial. A medical necessity adjudication is an individual, fact-based determination, improper on a motion to dismiss.[3] "Unless

---

benefits; and that the significance of the factor will depend upon the circumstances of the particular case.

*Metro Life,* 554 U.S. at 108.

[3] Defendant includes as exhibits the conclusions of its medical consultant. Plaintiff never saw these documents in the internal appeal stage or in drafting the complaint. As such, Plaintiff move to strike them. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) ("A Plaintiff's reliance on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough."). The Second Circuit held: "Consideration of extraneous material in judging the

11

the contrary is specified, the term, 'medical necessity' must refer to what is necessary for a *particular patient,* and hence entails an individual assessment rather than a general determination of what works in the ordinary case." *Donovan v. Bierwirth*, 680 F.2d 263, 272 (2d Cir.), *cert denied*, 458 U.S. 1069 (1982) (original emphasis). Further, where "lack of medical necessity is set forth in the 'exclusions' section of the plan, the burden is usually on the plan sponsor, who must prove that the exclusion applies." *Mario v. P&C Food Mkts.*, 313 F.3d 758, 755 (2d Cir. 2002). In *Miller v. United Welfare Fund*, 72 F.3d 1066, 1073 (2d Cir. 1995), the Second Circuit overturned the Fund's medical necessity determination as arbitrary and capricious based on expert testimony and remanded for further expert testimony.

---

sufficiency of a complaint is at odds with the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), which requires only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* at 154.

The Court should not credit Defendant's counter-allegations on this motion. *See Tri3 Enters., LLC v. Aetna, Inc.*, 535 Fed. App'x 192, 195 (3d Cir. 2013) ("Because this matter is before the Court on a motion to dismiss, we must accept the version of the facts alleged by Tri3. It was thus improper for the District Court to rely on Aetna's competing account to dismiss the Complaint.").

Alternatively, if the Court does consider Defendant's exhibits it should consider the Declaration of Vedant Vakska, M.D., which responds and demonstrates that there are factual issues which must be determined by expert testimony – all of which cannot be pre-determined by the Court on this Rule 12(b)(6) motion for failure to state a claim.

Nor should the Court, if it does consider both documents, convert the motion to a summary judgment motion, however. "[O]n summary judgment the court is required to consider all relevant, admissible evidence submitted by the parties and contained in 'pleadings, depositions, answers to interrogatories, and admissions on file, together with . . . affidavits.'" *Donovan*, at 155 *quoting* Fed. R. Civ. P. 56(c).

12

## **CONCLUSION**

For the above reasons, the Court should deny Defendant's motion to dismiss the Complaint.

If the Court were to grant any part or the entirety of the motion, Plaintiff requests leave to amend.

Dated: July 25, 2022

/s/ Robert J. Axelrod
AXELROD LLP
1465 Fifth Avenue, No. 7D
New York, NY 10035
(646) 986-4444

*Counsel for AA Medical, P.C.*