UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
A.A. MEDICAL P.C.,                                                    :  Case No.:2:22-cv-01249(ENV)(LGD)
                                  Plaintiff,                 :
       -against-                                                                 :
                                                       :
IRON WORKERS LOCALS 40, 361 & 417                       :
HEALTH FUND,                                                                 :
                                  Defendant.             :
------------------------------------------------------------------------X

# DEFENDANT IRON WORKERS LOCALS 40, 361 & 417 HEALTH FUND'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

                                                                 **COLLERAN, O'HARA & MILLS L.L.P.**
                                                                 **Attorneys for Defendant**
                                                                 **100 Crossways Park Drive West, Suite 200**
                                                                 **Woodbury, New York 11797**
                                                                 **(516) 248-5757**
                                                                 **tpk@cohmlaw.com**

**Of Counsel**
  Thomas P. Keane, Esq.

## PRELIMINARY STATEMENT

Defendant Iron Workers Locals 40, 361 and 417 Health Fund ("Defendant" or the "Fund") respectfully submits this reply memorandum in support of its motion to dismiss the Verified Complaint ("Complaint") of Plaintiff A.A. Medical P.C. ("Plaintiff") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

Plaintiff is not entitled to relief under Section 502(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA") because Plaintiff has not alleged sufficient facts to support a claim – as it must – that such denial of full payment was incorrect. Nor can Plaintiff establish that the decision finding an unapproved procedure was not medically necessary was arbitrary and capricious. Plaintiff therefore fails to state a claim upon which relief can be granted and its Complaint should be dismissed in its entirety.

## LEGAL ARGUMENT

### I. THE COMPLAINT FAILS TO STATE A CLAIM UNDER ERISA

Plaintiff does not dispute that the plan provides the administrator with broad discretion over benefits eligibility. See Sabbagh Decl. at Ex. B, SPD at pg. 80. It is well settled that that where the plan administrator is afforded such discretion, courts apply a "deferential standard of review." Metro. Life Ins. Co. v. Glenn, 554 U.S. 105, 111 (2008) (internal quotation marks and emphasis omitted). Under that deferential standard, "the administrator's decisions may be overturned only if they are arbitrary and capricious." Roganti v. Metro. Lif Ins. Co., 786 F.3d 201, 210 (2d Cir. 2015). Accord, e.g., Hobson v. Metro. Life Ins. Co., 574 F.3d 75, 82 (2d Cir. 2009).

In order to prevail, Plaintiff must demonstrate that it is entitled to the benefits its seeks under the language of the plan. See, Juliano v. HMO of N.J., Inc., 221 F.3d 279, 287-88 (2d Cir. 2000)(plaintiffs "were required to prove their case; to establish that they were entitled to that benefit pursuant to the terms of the Contract or applicable federal law"). The Complaint does not

identify grounds to support a finding that the Health Fund misinterpreted the language of the plan. Plaintiff therefore cannot establish that it is entitled to the benefits it and the Complaint has failed to state a claim for relief.

Plaintiff essentially argues that the plan administrator does not have the right to interpret the provisions of the plan. Plaintiff would ignore decades of case law upholding the discretionary authority of plan administrators to determine eligibility for benefits. See Metro. Life Ins. Co. v. Glenn, 554 U.S. 105, 111 (2008). Where the plan administrator is afforded that discretionary authority, the court will apply a deferential standard of review and the decisions of the administrator will only be overturned if they are found to be arbitrary and capricious. Rogatni at 786 F.3d at 210.

The Complaint does not allege that the decision of the Health Fund was arbitrary or capricious. Plaintiff disagrees with the Health Fund's interpretation of the Plan, but that is insufficient, as a matter of law, to establish Plaintiff's entitlement to benefits. "The fact that other interpretations may also be plausible does not render the plan administrator's interpretation arbitrary or capricious." Accardi v. Control Data Corp., 836 F.2d 126, 129 (2d Cir. 1987). See also, e.g., Varney v. Verizon Commc'ns, Inc., 560 F. App'x 98, 99 (2d Cir. 2014)(affirming judgment for administrator where its "interpretation of the plan was plausible").

The Health Fund exercised the discretion afforded to it under the terms of the SPD in determining the benefits to which the patient was entitled. Furthermore, the Plan documents and claim forms submitted as exhibits to the Declaration of Brian J. Sabbagh clearly establish that the Health Fund's exercise of its discretion was not arbitrary or capricious. See, e.g., Faber v. Metro Life Ins. Co., No 08-10588, 2009 WL 3415369, at *1 n.1 (S.D.N.Y. Oct. 23, 2009)("In considering a motion to dismiss, the Court may consider documents attached as an exhibit to the complaint or incorporated into the complaint by reference, documents that are integral to the plaintiff's claims,

2

even if not explicitly incorporated by reference…Specifically in the ERISA context, because the Plan is directly referenced in the complaint and is the basis of this action, the Court may consider the Plan in deciding the motion to dismiss.")(internal citations and quotation marks omitted), aff'd, 648 F.3d 98 (2d. Cir. 2011).

## CONCLUSION

For all the foregoing reasons, the Complaint fails to state any claim upon which relief can be granted and should be dismissed, in its entirety, under Federal Rule of Civil Procedure 12(b)(6).

Dated: Woodbury, New York
August 10, 2022

COLLERAN, O'HARA & MILLS L.L.P.
*Attorneys for Defendant*

By: _____
THOMAS P. KEANE (TK 4425)
100 Crossway Park Drive West, Suite 200
Woodbury, New York 11797
(516) 248-5757
tpk@cohmlaw.com

3