UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x
A.A. MEDICAL P.C.,                                                  :
                                                                    :
                               Plaintiffs,           :
                                                                    :        MEMORANDUM & ORDER
       -against-                                                    :
                                                                    :        22-cv-1249 (ENV) (LGD)
                                                                    :
IRON WORKERS LOCALS 40, 361 & 417                                   :
HEALTH FUND,                                                        :
                                                                    :
                               Defendant.            :
----------------------------------------------------------------- x

VITALIANO, D.J.

       Plaintiff AA Medical P.C. ("AA Medical") sued defendant Iron Workers Locals 40, 361 & 417 Health Fund (the "Fund") on March 8, 2022, alleging that the Fund violated the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), by failing to fully reimburse it following surgeries performed by one of its physicians on one of the Fund's participants, identified only by the initials "B.S." (also referred to as "the patient"), even though such surgeries are supposed to be covered through the Fund's plan (the "Plan"). Compl., Dkt. 1, ¶¶ 1–2, 4, 18–19; Pl.'s Mem., Dkt. 18-10, at 5–8; Def.'s Ex. B, Summary Plan Description & Plan Document ("Plan Description"), Dkt. 18-3, at 55, 58.[1] Currently before the Court is the Fund's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Mot., Dkt. 18. For the reasons set forth below, the motion is granted, and plaintiff's complaint is dismissed without prejudice and with leave to amend.

---

[1] All citations to pages of the parties' briefing refer to the Electronic Case Filing System ("ECF") pagination.

Background

On May 25, 2021, B.S. suffered a sports injury in which he tore his anterior cruciate ligament ("ACL") and medial and lateral meniscus. Def.'s Ex. C, June 7 Clinical Review Report ("June 7 Report"), Dkt. 18-4, at 2. Following this injury, B.S. was examined by Dr. Vedant Vaksha, a physician affiliated with AA Medical, who determined that he needed surgery to repair his knee. Compl. ¶ 4; June 7 Report at 2–3. On June 16, 2021, Dr. Vaksha performed a series of surgeries, consisting of "medial and lateral meniscal repairs [and a] microfracture chondroplasty." Def.'s Ex. D, August 23 Clinical Review Report ("August 23 Report"), Dkt. 18-5, at 2–3. On July 15, 2021, Dr. Vaksha performed another surgery, an ACL reconstruction. *Id.* at 3.

Following the surgeries, AA Medical submitted an invoice to the Fund seeking reimbursement in the amount of $158,438.64, but the Fund paid only $3,473.22, leaving the remaining $154,965.42 unreimbursed. Compl. ¶ 13. Defendant explained its decision not to reimburse for the microfracture chondroplasty based on the August 23 Report's findings that "[t]he operative report does not describe any lesion in the knee that would require a microfracture chondroplasty" and that "the MRI study from 06/02/21 did not identify an articular cartilage lesion in the left knee." August 23 Report at 3; *see* Compl. ¶ 14. AA Medical appealed the decision, but the Fund "refused to respond to the appeal." Compl. ¶¶ 16–17. AA Medical then filed this action seeking to vindicate its rights, which the Fund now moves to dismiss.

Legal Standard

To survive a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)). This "plausibility standard

is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). When considering a Rule 12(b)(6) motion, a court "must accept as true all [facts alleged] in the complaint and draw all reasonable inferences in favor of the non-moving party." *Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104, 115 (2d Cir. 2008) (*quoting Gorman v. Consol. Edison Corp.*, 488 F.3d 586, 591–92 (2d Cir. 2007)).

## Discussion

At the threshold, the parties appear to be at loggerheads over the standard to be used to assess the plausibility of a complaint in ERISA cases of this kind. The Fund notes that the Plan reserves "discretionary authority" to the Plan's administrator "to interpret the terms of the Plan and to determine . . . entitlement to Plan benefits in accordance with the terms of the Plan." Def.'s Mem., Dkt. 18-8, at 12 (quoting Plan Description at 137). Accordingly, the Fund argues, the Court should apply an "arbitrary and capricious" standard of review, as the Second Circuit has held courts should do in ERISA cases where such discretion is granted to administrators. *Id.* (quoting *Roganti v. Metro. Life Ins. Co.*, 786 F.3d 201, 210 (2d Cir. 2015)). Such a standard would require AA Medical to show that the denial was "without reason, unsupported by substantial evidence or erroneous as a matter of law." *Roganti*, 786 F.3d at 211 (quoting *Pagan v. NYNEX Pension Plan*, 52 F.3d 438, 442 (2d Cir. 1995)).

By contrast, AA Medical argues that, because the cases cited by the Fund for application of the arbitrary and capricious standard were all[2] on judgment or on motions for summary judgment, the arbitrary and capricious standard is inappropriate on a motion to dismiss. Pl.'s Mem. at 9–10. Instead, AA Medical argues that, in keeping with the broader motion to dismiss standard,

---

[2] With one exception. *See Zeuner v. Suntrust Bank, Inc.*, 181 F. Supp. 3d 214 (S.D.N.Y. 2016).

3

the Court should consider only whether AA Medical "allege[d] a plausible claim for benefits under ERISA." *Id.* at 9, 11. Closely related, AA Medical argues that assessing whether the procedure was medically necessary is inappropriate on a motion to dismiss, arguing that the Second Circuit has held that "the term[] 'medical necessity' must refer to what is [medically] necessary for a particular patient, and hence entails an individual assessment rather than a general determination of what works in the ordinary case." Pl.'s Mem. at 11–12 (quoting *Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 765 (2d Cir. 2002)).[3]

Although AA Medical is correct that the ordinary plausibility standard controls on the Fund's motion to dismiss, its contention that the alleged arbitrariness of an ERISA plan administrator cannot be tested before the summary judgment stage of litigation is erroneous. In fact, both standards apply simultaneously: on a motion to dismiss an ERISA action, a plaintiff must *plausibly allege* (the motion to dismiss standard) that a defendant acted in an *arbitrary and capricious* manner (the ERISA standard) in denying plaintiff's claim. *See, e.g.*, *Zeuner*, 181 F. Supp. 3d at 221 (granting motion to dismiss in an ERISA case involving severance pay where plaintiff failed to provide an alternate interpretation of the severance plan or of defendants' interpretation of it "that would overcome the arbitrary and capricious standard of review"); *Boison v. Ins. Servs. Off., Inc.*, 829 F. Supp. 2d 151, 165 (E.D.N.Y. 2011) (granting motion to dismiss in an ERISA case involving retirement pay for similar reasons).

To the same effect, it is also true that the plausibility of a medical necessity claim can be assessed on a motion to dismiss, meaning that a plaintiff must plausibly allege in its complaint that the procedure was medically necessary based on the individual facts of the case. *See, e.g.*, *Weinreb*

---

[3] Plaintiff's brief incorrectly attributes this quotation to a different case, *Donovan v. Bierwirth*, 680 F.2d 263, 272 (2d Cir.), *cert denied*, 458 U.S. 1069 (1982). This is a typographical error—the quoted passage does not appear in *Donovan*, but does appear in *Mario*.

*v. Xerox Bus. Servs., LLC Health & Welfare Plan*, 323 F. Supp. 3d 501, 512–15 (S.D.N.Y. 2018), *adhered to on denial of reconsideration*, No. 16 Civ. 6823 (JGK), 2020 WL 4288376 (S.D.N.Y. July 27, 2020) (granting a motion to dismiss after, *inter alia*, evaluating the medical necessity of a drug for which plaintiff was denied coverage and determining plaintiff had not plausibly alleged that the drug was medically necessary for her under the relevant plan guidelines).

The interrelationship of these guiding principles should be obvious, as a determination that a procedure is not medically necessary is arbitrary and capricious if not supported by substantial evidence. *See Wiener v. Health Net of Conn., Inc.*, 311 F. App'x 438, 440–41 (2d Cir. 2009) (finding defendant's determination that treatment was not medically necessary was "conclusory" and therefore was arbitrary and capricious); *Miller v. United Welfare Fund*, 72 F.3d 1066, 1072–74 (2d Cir. 1995) (finding defendant's determination that treatment was not medically necessary was not supported by substantial evidence and therefore was arbitrary and capricious, but remanding for further development of the record). Put together, therefore, to survive a motion to dismiss, plaintiff must plausibly allege that the surgical procedure at issue was medically necessary, that defendant did not cite substantial evidence to the contrary in its denial, and therefore that defendant's refusal to pay for it was arbitrary and capricious.

While precedential principles guide resolution of the Fund's motion to dismiss, the words of the ERISA plan itself control it. To that end, the Fund rightly notes that "the Plan Administrator . . . ha[s] discretionary authority to interpret the terms of the Plan and to determine eligibility and entitlement to Plan benefits in accordance with the terms of the Plan." Def.'s Mem. at 12 (quoting Plan Description at 137). The Plan provides a definition of medical necessity, that is, treatments that are:

- "Consistent with the symptoms or diagnosis and treatment of the patient's condition, illness or injury,

- "In accordance with standard[s] of good medical practice,

- "Not solely for the convenience of the patient, the physician or other provider,

- "Not primarily custodial, and

- "The most appropriate level of service that can be safely provided to the patient."

*Id.* at 10 (quoting Plan Description at 85). Consequently, in this case, to stave off the Fund's Rule 12(b)(6) motion, AA Medical must plausibly allege that the microfracture chondroplasty B.S. received was medically necessary under that definition and that the Fund's denial did not rely on substantial evidence to the contrary.

    This is precisely the course AA Medical endeavors to pursue. It argues that the microfracture chondroplasty was "medically necessary" notwithstanding defendant's observation that "the operative report did not describe any lesion in [B.S.'s] knee that would require a microfracture chondroplasty" because the surgery was not performed to treat a lesion, but was instead performed because "microfracture chondroplasty . . . is an integral part of [a] meniscal repair." Compl. ¶¶ 13–15.

    At this point, however, plaintiff's pleading hits a snag. Although plaintiff indicates that the microfracture chondroplasty is necessary, its complaint does so only conclusorily, and it fails to provide any reasons why that procedure is performed in conjunction with a meniscal repair. Moreover, while plaintiff submits a declaration by Dr. Vaksha, the physician who performed the surgeries, purporting to provide such reasons, *see* Dkt. 18-9, that declaration cannot properly be considered on a motion to dismiss. *See, e.g.*, *Amadei v. Nielsen*, 348 F. Supp. 3d 145, 155 (E.D.N.Y. 2018). There are some exceptions to that rule, such as where a document is "attached

6

to the complaint as [an] exhibit[],"  where it is "incorporated by reference in the complaint," or "where the complaint 'relies heavily upon its terms and effect,' thereby rendering the document 'integral' to the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (quoting *Mangiafico v. Blumenthal,* 471 F.3d 391, 398 (2d Cir. 2006)).  But those exceptions do not apply to the declaration here, which was attached only to plaintiff's opposition papers, not to its complaint.

Therefore, considering the complaint only, AA Medical falls short of plausibly alleging that the microfracture chondroplasty was medically necessary under the definition provided by the Plan Description.  Plaintiff satisfies the first part of the definition, as surgery is "not primarily custodial" insofar as it is not merely a service to provide "assistance in activities of daily living." *See* Plan Description at 70, 85.  However, the conclusory nature of the pleadings as currently constituted fails to adequately allege that the procedure is "[c]onsistent with the symptoms . . . and treatment of the patient's . . . injury, [i]n accordance with standard[s] of good medical practice, . . . [n]ot solely for the convenience of the patient, the physician or other provider, . . . [and t]he most appropriate level of service that can safely be provided to the patient."  *See id.* at 85.

But all is not lost for plaintiff.  "When a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." *Soward v. Deutsche Bank AG*, 814 F. Supp. 2d 272, 285 (S.D.N.Y. 2011) (quoting *Hayden v. County of Nassau,* 180 F.3d 42, 53 (2d Cir. 1999)).  Indeed, courts "should freely give [such] leave when justice so requires." *Id.* (quoting Fed. R. Civ. P. 15(a)(2)). Although the complaint as currently constituted does not plausibly allege either that the microfracture chondroplasty was medically necessary as defined by the Plan or that the Fund's denial was arbitrary and capricious insofar as it failed to raise substantial evidence to the contrary, especially given the nature of the declaration of Dr. Vaksha that was attached to AA Medical's

motion papers, the Court is satisfied that an amended complaint may be able to make these showings. Accordingly, in the interest of giving AA Medical the opportunity to pursue its claims on the merits, the complaint will be dismissed without prejudice and with leave to amend.

Conclusion

For the foregoing reasons, defendant's motion to dismiss is granted. Plaintiff's complaint is dismissed without prejudice and with leave to amend.

Plaintiff shall file an Amended Complaint no later than 30 days after the entry of this Order on the docket.

So Ordered.

Dated: Brooklyn, New York
      December 24, 2022

/s/ Eric N. Vitaliano
ERIC N. VITALIANO
United States District Judge