

December 18, 2023

**VIA ECF**
Hon. Lee G. Dunst
U.S. District Court
Eastern District of New York
100 Federal Plaza, Courtroom 830
Central Islip, New York 11722

      Re:    AA Medical, P.C. v. Iron Workers Local 40, 361 & 471 Health Fund
             Case No. 22-cv-1249(ENV)(LGD)

Dear Judge Dunst,

      This firm represents Defendant Local 40, 361 & 417 Health Fund ("Defendant") in the above referenced matter. We submit this letter in response to Your Honor's December 14, 2023 Order.

      Defendant does not believe that Plaintiff AA Medical, P.C.'s ("Plaintiff's") request for an extension of time to secure counsel should be granted. Plaintiff's original counsel, Robert J. Axelrod, Esq., originally filed a notice of withdrawal of counsel on June 15, 2023. See Dkt. No. 15. Mr. Axelrod subsequently filed a motion to withdraw as counsel on September 5, 2023. See Dkt. No. 36. Prior to filing his motion to withdraw, Mr. Axelrod served Plaintiff with the Court's September 1, 2023, order directing Plaintiff's replacement counsel to file a notice of appearance by October 6, 2023. See Dkt. 35, Certificate of Service. Neither Plaintiff's representative nor Plaintiff's new counsel participated in telephonic conferences scheduled by the Court on October 17, 2023, or November 30, 2023.

      Plaintiff has known for at least six (6) months that Mr. Axelrod was unable to continue representing it. Plaintiff may have known even longer than six (6) months, as Mr. Axelrod advised the Court during the October 17th conference that he had contacted Nakul Karake, Plaintiff's principal, that he intended to withdraw as counsel before filing the June 15th notice. Plaintiff has failed to retain new counsel, despite having a half a year's notice to do so. Plaintiff has also ignored two (2) conferences held before Your Honor. Plaintiff only made its request for additional time after Your Honor directed Defendant to proceed with filing a motion to dismiss.

      Mr. Karake's December 13th email to Your Honor provides no information as to when he expects to retain counsel for his company. Plaintiff AA Medical should be considered in default since "a corporation cannot represent itself in federal court." Cabrera v. Canela, 412 F. Supp. 3d 167, 175 (E.D.N.Y. 2019). Plaintiff has not explained why, after six (6) months, it has been unable to obtain new counsel other than the complexity of ERISA litigation. Nor did Mr. Karake explain why he

elected not to appear at the conferences held on October 17th and November 30th, despite the Court's order that a representative from Plaintiff attend.

      Nothing in Mr. Karake's email suggests that he will be able to obtain counsel at any time in the near future. His request for an extension of time should be denied, and Defendant should be given an opportunity to proceed with its motion to dismiss for failure to prosecute.

      Thank you for your time and attention to this matter.

      Respectfully,

      COLLERAN, O'HARA & MILLS L.L.P.

      By:   */s/ Thomas P. Keane*
            THOMAS P. KEANE

3028-0010
cc:    Nakul Karake via email (office@cortho.org)