UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
A.A. MEDICAL P.C.,                                                :  Case No.:2:22-cv-01249
                                                      :        (ENV)(LGD)
                                Plaintiff,    :
     -against-                              :
                                                      :
IRON WORKERS LOCALS 40, 361 & 417           :
HEALTH FUND,                                        :
                              Defendant.  :
---------------------------------------------------------------------------X


**REPLY MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT**


                                                               **COLLERAN, O'HARA & MILLS L.L.P.**
                                                                **Attorneys for Defendant**
                                                                **100 Crossways Park Drive West, Suite 200**
                                                                **Woodbury, New York 11797**
                                                                **(516) 248-5757**
                                                               **tpk@cohmlaw.com**


**Of Counsel**
  **Thomas P. Keane, Esq.**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................... 1

LEGAL ARGUMENT .................................................................................................................. 1

   I. PLAINTIFF CANNOT ESTABLISH A CLAIM UNDER ERISA AND SUMMARY JUDGMENT MUST BE GRANTED TO THE FUND .................................1

      A. Plaintiff Cannot Establish a Claim under ERISA 502(a)(1)(B) for Failure to Abide by the Terms of the Plan ..................................................................................1

         1. The Plan Administrator's Exercise of Discretion cannot be deemed arbitrary or capricious. ....................................................................................................4

      B. The Fund's Exercise of Discretion With Respect to Medical Necessity Was Neither Arbitrary Nor Capricious. ...............................................................................5

CONCLUSION ............................................................................................................................. 6

# TABLE OF AUTHORITIES

**CASES**

*Accardi v. Control Data Corp.*,
  836 F.2d 126 (2d Cir. 1987) ...........................................................................................4

*Fay v. Oxford Health Plan*,
  287 F.3d 96, 104 (2d Cir. 2002) .....................................................................................6

*Juliano v. HMO of N.J., Inc.*,
  221 F.3d 279 (2d Cir. 2000) ...........................................................................................1

*Miller v. United Welfare Fund*,
  72 F.3d 1066 (2d Cir. 1995) ...........................................................................................5

*Pagan v. NYNEX Pension Plan*,
  52 F.3d 438 (2d. Cir. 1995) ............................................................................................5

*Pulvers v. First UNUM Life Ins. Co.*,
  210 F.3d 89 (2d Cir. 2000) .............................................................................................4

*Roganti v. Metro. Life Ins. Co.*,
  786 F.3d 201 (2d Cir. 2015) ...........................................................................................1

*S.M. v. Oxford Health Plans*
  (N.Y.), 644 F. App'x 81 (2d Cir. 2016) ..........................................................................6

*Varney v. Verizon Commc'ns, Inc.*,
  560 F. App'x 98 (2d Cir. 2014) ......................................................................................4

*Zeuner v. Suntrust Bank Inc.*,
  181 F. Supp. 3d 214 (S.D.N.Y. 2016) ........................................................................3, 4

**STATUTES**

29 U.S.C. §1132(a)(1)(B) ....................................................................................................1, 5

## PRELIMINARY STATEMENT

Defendant Iron Workers Locals 40, 361 and 417 Health Fund ("Defendant" or the "Fund") respectfully submits this reply memorandum of law in support of the Fund's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure ("FRCP") 56 seeking dismissal of the Amended Complaint. Plaintiff A.A. Medical P.C. ("Plaintiff") is an out-of-network medical provider who supplied orthopedic services on June 16, 2021 to a non-party patient who is a participant in the Fund. Plaintiff received an assignment of benefits from the participant and filed the within action to recover the full amount claimed for its services from the Fund.

Plaintiff's opposition to the present motion fails to raise an issue of fact nor can Plaintiff identify a legal basis for its claim sufficient to deny the Fund's motion for summary judgment. Summary judgment in favor of Defendant and dismissing the action is warranted.

## LEGAL ARGUMENT

### I. PLAINTIFF CANNOT ESTABLISH A CLAIM UNDER ERISA AND SUMMARY JUDGMENT MUST BE GRANTED TO THE FUND

#### A. Plaintiff Cannot Establish a Claim under ERISA 502(a)(1)(B) for Failure to Abide by the Terms of the Plan

Plaintiff has failed to establish a claim under §502(a)(1)(B) of ERISA. "[A]n ERISA claimant bears the burden of establishing his entitlement to benefits" in accordance with "the specific terms of the plan at issue." *Roganti v. Metro. Life Ins. Co.*, 786 F.3d 201 (2d Cir. 2015). See also, e.g., *Juliano v. HMO of N.J., Inc.,* 221 F.3d 279, 287-88 (2d Cir. 2000)(plaintiffs "were required to prove their case; to establish that they were entitled to that benefit pursuant to the terms of the Contract or applicable federal law").

Plaintiff does not attempt to demonstrate that it has a claim under the terms of the Plan at issue. Instead, Plaintiff argues that the Plan is defective because the Summary Plan Description ("SPD") "does not identify what the allowance is for any of the CPT codes at issue." See Plaintiff

1

Memorandum of Law at P. 6.  Plaintiff does not cite to any authority to support its proposition that the SPD must include such information before the Plan Administrator is entitled to exercise its discretion as to determining benefits eligibility.  In effect, Plaintiff appears to be arguing that the Plan and SPD should have been drafted to meet a different, unidentified, standard.

Plaintiff does not dispute that the SPD unambiguously provides the administrator discretion over benefits eligibility where it states:

> The Plan Administrator, and other Plan fiduciaries and individuals to whom responsibility for the administration of the Medical Plan has been delegated, will have discretionary authority to determine the applicability of these exclusions and the other terms of the Plan and to determine eligibility and entitlement to Plan Benefits in accordance with the terms of the Plan. (Sabbagh Decl. at Ex B, SPD at pg. 80).

The SPD goes on to state:

> The Plan will not always pay benefits equal to or based on the physician's actual charge for health care services or supplies, even after you have paid the applicable Deductible. This is because the Plan covers only up to the Plan's Scheduled Allowance for health care services or supplies. (Sabbagh Decl. at Ex. B, SPD at p. 117).

Plaintiff ignores these provisions of the SPD in order to argue that the Plan Administrator cannot exercise its discretion in deciding questions of benefits eligibility.  Contrary to Plaintiff's claim, the Fund's did not make any "vague assertions" regarding its use of FAIR Health to compile a schedule of allowances.  As explained in the affidavit of Brian J. Sabbagh, FAIR Health is a third-party vendor and non-profit organization which "collects a database of claims to determine what providers charge and what insurers pay for healthcare, and then further groups the claims by geographic area. Those charges by geographic area are then organized into percentiles." See Sabbagh Aff. at ¶8.

The decision to rely upon the FAIR Health schedule of allowances, incorporated by reference into the Plan, for out-of-network costs falls well within the discretion of the Plan

2

Administrator. See Sabbagh Aff., Exs. B, F, SPD at p. 76, Schedule of Allowances). Plaintiff argues that the Fund should not be able to exercise its discretion because Plaintiff would have included other information. Plaintiff has not alleged anything to suggest that the Fund's payment of only part of its participant's costs for out-of-network medical services based on the Scheduled Allowances was without reason. *Zeuner v. Suntrust Bank Inc.*, 181 F. Supp. 3d 214, 221 (S.D.N.Y. 2016). Accordingly, the Fund's payment of the claim in accordance with its schedule of allowances, at the percentage laid out in Plan, was not arbitrary or capricious and should be upheld. Indeed, the Plan language is clear that it "will not always pay benefits equal to or based on the physician's actual charge for health care services or supplies..." (Sabbagh Decl. at Ex. B, SPD at p. 117).

Furthermore, the Fund's determination is eminently reasonable where Plaintiff billed the Fund a total of $158,438.64 for the claim, an amount which is more than approximately five (5) times the allowable rate paid at the 100th percentile. (See Sabbagh Decl., Ex. F, Schedule of Allowances). Plaintiff is engaged in a practice known as "balance billing", which is a scenario contemplated by the SPD. The SPD states:

> The Plan will not always pay benefits equal to or based on the provider's actual charge for health care services or supplies, even after you have paid the applicable deductible, copay and/or coinsurance. This is because the Plan covers only the "Allowed Charge" amount for health care services or supplies. This difference (or balance) between the Plan's Allowed Charges and what the provider actually charged (the billed charges) is commonly referred to as "balance billing". Amounts associated with balance billing are not covered by this Plan, even if the Plan's out-of-pocket limit is reached. Out-of-Network Health Care Providers commonly engage in balance billing.

Sabbagh Decl. at Ex. B, SPD at p. 117.

Plaintiff's opposition has failed to establish a claim under ERISA §502(a)(1)(B) and summary judgment dismissing the action is warranted.

### 1. The Plan Administrator's Exercise of Discretion cannot be deemed arbitrary or capricious.

The Fund notes that Plaintiff has conceded that the arbitrary and capricious standard applies. See Plaintiff's Memorandum of Law at P. 7. Plaintiff then misapplies that standard to argue that the Fund erred in the exercise of its discretion.

Under the applicable arbitrary and capricious standard of review, the administrator's interpretation of plan language need only be rational or plausible. "Where both the plan administrator and a spurned claimant offer rational, though conflicting, interpretations of plan provisions, the administrator's interpretation must be allowed to control." *Pulvers v. First UNUM Life Ins. Co.*, 210 F.3d 89, 92-93 (2d Cir. 2000). "The fact that other interpretations may also be plausible does not render the plan administrator's interpretation arbitrary or capricious." *Accardi v. Control Data Corp.*, 836 F.2d 126, 129 (2d Cir. 1987). See also, e.g., *Varney v. Verizon Commc'ns, Inc.*, 560 F. App'x 98, 99 (2d Cir. 2014)(affirming judgment for administrator where its "interpretation of the plan was plausible").

As explained supra, the Defendant in its discretion relied upon the FAIR Health schedule of allowances, incorporated by reference into the Plan, for out-of-network costs and paid Plaintiff the required 60% of that allowance as specified under the Plan. (Sabbagh Decl., Exs. B, F, SPD at p. 76, Schedule of Allowances). There is nothing that has been (or can be) alleged to suggest that the Fund's payment of only part of its participant's costs for out-of-network medical services based on the Scheduled Allowances was without reason. *Zeuner v. Suntrust Bank Inc.,* 181 F. Supp. 3d 214, 221 (S.D.N.Y. 2016). Accordingly, the Fund's payment of the claim in accordance with its schedule of allowances, at the percentage laid out in Plan, was not arbitrary or capricious and should be upheld. Indeed, the Plan language is clear that it "will not always pay benefits equal to or based on the physician's actual charge for health care services or supplies..." (Sabbagh Decl. at

4

Ex. B, SPD at p. 117). Moreover, the Fund's determination of the benefits coverage can hardly be found unreasonable where Plaintiff billed the Fund a total of $158,438.64 for the claim, an amount which is more than approximately five (5) times the allowable rate paid at the 100th percentile. (See Sabbagh Decl., Ex. F, Schedule of Allowances). Thus, Plaintiff has failed to establish a claim under ERISA §502(a)(1)(B) and summary judgment dismissing the claim is warranted.

### B. The Fund's Exercise of Discretion With Respect to Medical Necessity Was Neither Arbitrary Nor Capricious.

The Fund is afforded discretionary authority to interpret the provisions of the Plan, including whether or not a procedure is medically necessary. (Sabbagh Decl. at Ex. B SPD at P. 80; 127). Under the arbitrary and capricious standard, the court may only find the decision was "arbitrary and capricious if there has been a clear error of judgement, that is, if the decision was without reason, unsupported by substantial evidence or erroneous as a matter of law." *Miller v. United Welfare Fund*, 72 F.3d 1066, 1072 (2d Cir. 1995); *Pagan v. NYNEX Pension Plan,* 52 F.3d 438, 442 (2d. Cir. 1995).

At issue in this case is a procedure which the Fund determined was not medically necessary which had not been pre-approved by the Fund pre-approved the patient for two (2) procedures. (Sabbagh Decl. at ¶ 12-14; Ex. E.) When Plaintiff submitted its invoice, which included the procedure which had not been pre-approved, the Fund had Plaintiff's invoice and medical records reviewed by MedReview. The MedReview report found that:

> The operative report describes performing a microfracture chondroplasty representing CPT code 29879. The operative report does not describe any lesion in the knee that would require a microfracture chondroplasty. Furthermore, the MRI study from 06/02/21 did not identify an articular cartilage lesion in the left knee. Therefore, the supplied records do not support performing a microfracture chondroplasty of the left knee.

(See Ex. D to Sabbagh Decl., MedReview 8.23.21 Report.) The Fund's decision that procedure 29879 was not medically necessary is reasonable, supported by substantial evidence and not

5

erroneous as a matter of law. This Court should defer to the Fund's exercise of discretion in the denial of a benefit deemed to be medically unnecessary. "A medical necessity determination is arbitrary and capricious only if the decision is 'without reason, unsupported by substantial evidence or erroneous as a matter of law.'" *S.M. v. Oxford Health Plans (N.Y.),* 644 F. App'x 81, 84 (2d Cir. 2016), citing, *Fay v. Oxford Health Plan*, 287 F.3d 96, 104 (2d Cir. 2002).

Plaintiff disagrees with the conclusion; however, Plaintiff cannot demonstrate that the Fund's decision was either arbitrary or capricious. The Fund's decision is supported by the independent medical review, which Plaintiff has not challenged. The Fund's exercise of discretion is reasonable and should not be disturbed by the Court.

There is noting in the record that would support a conclusion that the Fund was arbitrary or capricious. Summary judgment in favor of the Fund is therefore warranted.

## CONCLUSION

For all the foregoing reasons, the summary judgment in favor of the Defendant and against the Plaintiff is warranted. The Amended Complaint should be dismissed with prejudice.

Dated: Woodbury, New York
       August 8, 2025

                                      COLLERAN, O'HARA & MILLS L.L.P.
                                      *Attorneys for Defendant*

By: _____
      THOMAS P. KEANE (TK 4425)
      100 Crossway Park Drive West, Suite 200
      Woodbury, New York 11797
      (516) 248-5757
      tpk@cohmlaw.com